**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ABERNATHY, LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:13-CV-03801-RWS |
| ELIZABETH KORWEK SMITH, | : |
| and INTOWN CONSULTING | : |
| GROUP, LLC, | : |
| | : |
| Defendants. | : |
| | : |

## **ORDER**

This case comes before the Court on Plaintiff's Motion for Summary Judgment Against Defendant Smith [17]. After a review of the record, the Court enters the following Order.

## **Background**

This case arises out of a mortgage loan transaction (the "Loan") between Plaintiff Abernathy, LLC, ("Abernathy") and Defendant Elizabeth Korwek Smith ("Smith"), securing property located at 540 Oakview Road, Decatur, DeKalb County, Georgia (the "Property"). (Am. Compl., Dkt. [16] at 1-4.) In consideration for the Loan, on or about July 27, 2010, Smith executed a

promissory note in the principal amount of $131,931.67, (the "Note" (Ex. C to Am. Compl., Dkt. [16])) payable to Abernathy. (Id. ¶ 10.) Smith also executed a Deed to Secure Debt (the "Security Deed" (Ex. D to Am. Compl., Dkt. [16])) that transferred legal title to Abernathy while allowing Smith to retain an equitable interest in the property. (Id. ¶ 11-12.)

Smith defaulted on the Loan in or before January 2012, and has made no payment on the Loan since 2012. (Id. ¶ 13-14.) Abernathy began foreclosure proceedings in January 2012, with foreclosure sale of the Property scheduled for September 4, 2012. (Id. ¶ 16.) On September 2, 2012, Smith filed a voluntary Chapter 13 proceeding, Case. No. 12-72025, in the U.S. Bankruptcy Court for the Northern District of Georgia (the "first bankruptcy case"). (Id. ¶ 17.) Pursuant to 11 U.S.C. § 362(a), the foreclosure proceedings were automatically stayed, and Abernathy ceased all foreclosure actions. (Id. ¶¶ 18-20.) On December 7, 2012, the first bankruptcy case was dismissed, terminating the stay pursuant to 11 U.S.C. § 349; Abernathy recommenced foreclosure proceedings, noticing and scheduling the foreclosure sale for February 5, 2013. (Id. ¶¶ 22-24.)

2

On February 4, 2013, Smith again filed a voluntary Chapter 13 proceeding, Case No. 13-52415, in the U.S. Bankruptcy Court for the Northern District of Georgia (the "second bankruptcy case"). (Id. ¶ 25.) The foreclosure proceedings were again automatically stayed under 11 U.S.C. § 362(a), and Abernathy again ceased all foreclosure actions. (Id. ¶¶ 26-28.)

Relying on its interpretation of 11 U.S.C. § 362(c)(3)(A), Abernathy recommenced foreclosure proceedings by sending a foreclosure letter to Smith on or about March 28, 2013. (Id. ¶ 33; Ex. A to Am. Compl., Dkt. [16].) On April 11, 2013, Abernathy's first notice of the foreclosure proceedings (Ex. B to Am. Compl., Dkt. [16]) was published in the daily newspaper of DeKalb County, *The Champion Newspaper,* followed by subsequent notices published on April 18, April 25, and May 2, 2013. (Am. Compl., Dkt. [16] ¶¶ 35, 40.) On April 12, 2013, the second bankruptcy case was dismissed. (Id. ¶ 36.) Abernathy conducted a foreclosure sale of the Property on May 7, 2013. (Id. ¶ 41.) The Property was purchased at public outcry by Defendant Intown Consulting, LLC ("Intown"), for $228,000.00. (Id. ¶ 42.)

The proceeds from the foreclosure sale were in excess of what Abernathy was owed under the Note; accordingly, Abernathy attempted to disburse the

3

excess amount of $63,456.52–calculated in accordance with Georgia law–to Smith. (Id. ¶¶ 44-46.) Smith refused the excess proceeds and claimed that the foreclosure was void; because the initial notices were issued in violation of the automatic stay under 11 U.S.C. § 362(a), Smith claimed the entire proceeding was void *ab initio* under McKeen v. FDIC, 274 Ga. 46 (2001). (Id. ¶ 47.)

Plaintiff commenced this action seeking a declaratory judgment on the question of whether its foreclosure actions were barred by 11 U.S.C. § 362(a) ("Count I"). (Dkt. [16] ¶¶ 55-56.) Plaintiff seeks this declaration for both the March 28, 2013 foreclosure letter sent to Defendant Smith and the April 11, 2013 notice published in *The Champion Newspaper*. Plaintiff also sought equitable interpleader for the excess proceeds of the foreclosure sale and a determination of who owns that money ("Count II"). (Id. ¶ 63.) Finally, in the alternative to Count I, Plaintiff seeks a money judgment on the defaulted Note ("Count III"). (Id. ¶ 65.)

In its Answer, Defendant Intown states a crossclaim against Defendant Smith, seeking a money judgment for the "fair market rental value of the [P]roperty for each day that Defendant Smith has remained in possession of the property" after Intown obtained a writ of possession against Defendant Smith in

4

DeKalb County court. (Answer, Cross-Cl., & Countercl. of Intown Consulting Grp., Inc. ("Def. Intown's Answer"), Dkt. [3] at 15.) Intown also counterclaims for money damages in the event that the foreclosure sale is found invalid. (Id. at 16-17.) Defendant Smith filed an Answer challenging the Court's subject matter jurisdiction and bringing counterclaims against Plaintiff for wrongful foreclosure, breach of contract, and breach of fiduciary duty. (Answer & Countercls. ("Def. Smith's Answer"), Dkt. [5] at 12-13.)

By Order dated January 15, 2014, the Court granted Plaintiff's Motion to Interplead Funds into the Registry of the Court [10] pursuant to Count II of the Amended Complaint. (Dkt. [11].) Now, Plaintiff moves for summary judgment on Count I of the Amended Complaint and on all of Defendant Smith's counterclaims. (Dkt. [17].) Plaintiff also seeks Summary Judgment on Count III, in the event that the Court holds that the foreclosure was void. (Pl.'s Br. in Supp. of its Mot. for Summ. J. ("Pl.'s MSJ Br."), Dkt. [18-1] at 15.)

## Discussion

### I. Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material

5

AO 72A
(Rev.8/82)

fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the

6

non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

## **II.    Plaintiff's Count I**

Plaintiff seeks a declaratory judgment finding that the foreclosure actions it took on March 28, 2013 and April 11, 2013 were not barred by the operation of 11 U.S.C. § 362, and therefore were not void. (Am. Compl., Dkt. [16] ¶¶ 55-56.) Plaintiff argues that the automatic stay, which was automatically triggered pursuant to 11 U.S.C. § 362(a) by Smith's filing of a Chapter 13 bankruptcy case on February 4, 2013, terminated on March 6, 2013 by operation of 11

7

AO 72A
(Rev.8/82)

U.S.C. § 362(c)(3). (Id. ¶ 32; Pl.'s MSJ Br., Dkt. [18-1] at 8.) If the stay terminated, Plaintiff argues that "the foreclosure sale is good and the excess proceeds belong to Smith and Plaintiff does not owe anything back to Intown." (Am. Compl., Dkt. [16] ¶ 49.) But Plaintiff concedes that if the foreclosure sale is void by reason of the violation of the automatic stay, then Plaintiff remains the mortgage holder and must return the sale price to Intown. (Id. ¶ 48.) In this scenario, Georgia law requires Plaintiff to recommence foreclosure proceedings. (Id.) Plaintiff urges the Court to adopt an interpretation of 11 U.S.C. § 362(c)(3) such that it will not be forced to foreclose again. Defendant Intown responds in support of Plaintiff's Motion for Summary Judgment as to Count I. (Dkt. [19].) Defendant Smith does not address the issue in her response.[1]

The text of 11 U.S.C. § 362(c)(3) provides:

> if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)–

---

[1] An unopposed motion does not mean that the moving party automatically prevails; rather, the Court is still to consider the merits of the motion. See Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988).

8

> (A) the stay under [§ 362(a)] with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case.

This provision further provides that a debtor may extend the stay upon motion to the court, which did not occur in this case. Plaintiff interpreted § 362(c)(3) to allow it to commence foreclosure proceedings on March 6, 2013, thirty days after Defendant Smith's filing in the second bankruptcy case.

The operation of 11 U.S.C. § 362(c)(3) is an issue of first impression in the Eleventh Circuit. Several other circuits, however, have had occasion to consider this issue and are split on the meaning of "with respect to the debtor." The majority view interprets the statute to terminate the stay with respect to property owned by the debtor that is not part of the bankruptcy estate. See In re Jumpp, 356 B.R. 789, 791 n. 3 (B.A.P. 1st Cir. 2006) (citing authority); In re Scott-Hood, 473 B.R. 133 (Bankr. W.D. Tex. 2012). Under this "partial release" view, the stay is partially terminated but continues against the property of the bankruptcy estate. In re Jumpp, 356 B.R. at 797. The Bankruptcy Court for the Northern District of Georgia has adopted this approach. See In re Ajaka, 370 B.R. 426, 429 (Bankr. N.D. Ga. 2007).

9

The minority view regards the statute to effect a "complete release," terminating the entire stay including with respect to the property of the bankruptcy estate. See In re Reswick, 446 B.R. 362 (B.A.P. 9th Cir. 2011); In re Jupiter, 344 B.R. 754 (Bankr. S.C. 2006). Defendant Intown urges the Court to apply this interpretation in the present case. (See Def. Intown's Resp. to Pl.'s MSJ, Dkt. [19] at 3.)

Plaintiff urges the Court to adopt a "middle ground" approach, allowing a creditor to begin foreclosure proceedings as soon as the stay expires with respect to the debtor, but allowing the creditor to foreclose on the real property only if the bankruptcy proceeding is no longer pending at the time of foreclosure sale or if the § 362(a) stay has been lifted by the bankruptcy court. (Pl.'s MSJ Br., Dkt. [18-1] at 13.) At bottom, Plaintiff asks the Court to create an exception to the void *ab initio* doctrine mandated under Georgia law by McKeen v. FDIC. (Id.; see McKeen, 274 Ga. at 48 (holding that actions taken in violation of an automatic stay are void *ab initio*).)

The Court declines to create an exception here, and instead adopts the partial release view favored by the majority of courts and by the Bankruptcy court in this District. This approach best comports with the plain meaning of

10

the Section 362(c)(3)(A)'s text, which should control unless reliance on the plain language would lead to an absurd result. See United States v. Segarra, 582 F.3d 1269, 1271 (11th Cir. 2009). Plaintiff argues that the "partial release" reading allows serial bad faith filing. (Pl.'s MSJ Br., Dkt. [18] at 12.) But as the First Circuit panel in In re Jumpp noted, while a partial release imposes a less harsh penalty than a complete release, this "nonetheless discourages abusive filings and, therefore, is a result that is neither absurd nor demonstrably at odds with the intention of the drafters." 356 B.R. at 797. Accordingly, the Court finds that the stay automatically imposed by 11 U.S.C. § 362(a) expired by operation of 11 U.S.C. § 362(c)(3) as to the debtor Defendant Smith on March 6, 2013, but not as to the bankruptcy estate.

Plaintiff concedes that if the stay was released only as to Defendant Smith, the foreclosure actions taken by Plaintiff on March 28, 2013 and April 12, 2013 are *void ab initio*. Accordingly, because the Court cannot declare that the foreclosure was valid as a matter of law, Plaintiff's Motion for Summary Judgment seeking a declaration that the foreclosure was valid (Count I) is **DENIED**.

## III. Defendant Smith's Counterclaims and Defendant Intown's Crossclaim and Counterclaim

Plaintiff also moves for summary judgment on Defendant Smith's Counterclaims. Having resolved Plaintiff's sole federal claim, and because Plaintiff does not allege diversity jurisdiction, the Court no longer has original jurisdiction over this action. Under 28 U.S.C. § 1367, a district court may exercise supplemental jurisdiction over state-law claims related to any claims over which the court has original jurisdiction. But § 1367 is clear in providing that the district court may decline supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Indeed, the United States Supreme Court has held that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). And the Eleventh Circuit has held that federal courts are "strongly encourage[d] or even require[d]" to dismiss state-law claims "if the federal claims are dismissed prior to trial." Ingram v. Sch. Bd. Of Miami-Dade Cnty., 167 F. App'x 107,

12

108-09 (11th Cir. 2006) (quoting Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir. 1999)).

The Court has resolved the sole federal question present in the case and the remainder of the parties' dispute turns on questions of state law. This case is still in its early stages. Indeed, no discovery has yet taken place. Additionally, the Court notes that the parties have litigated and continue to litigate this dispute in DeKalb County courts. (See Def. Intown's Answer, Dkt. [3] at 15.) The Court therefore declines supplemental jurisdiction over the remaining state-law claims in this case. As such, Plaintiff's Count III seeking a money judgment on the defaulted note, Defendant Intown's crossclaim and counterclaim, and Defendant Smith's counterclaims are **DISMISSED, without prejudice** for lack of subject-matter jurisdiction.[2]

## **IV. Interpleader**

Pursuant to the Court's January 15, 2014 Order [11] granting Plaintiff's Motion to Interplead Funds [10], Plaintiff paid $63,456.52 into the registry of the Court on January 16, 2014. According to Plaintiff's Motion, the funds are

---

[2] In light of this ruling, Defendant Smith's Motion to File Supplemental Brief [25] is **DENIED, as moot**.

13

payable to Defendant Intown if the foreclosure sale is void. (Pl.'s Brief [10-1] at 2.) The Court having found that the foreclosure sale is void, an Order directing that the funds in the registry of the Court be paid to Defendant Intown will be entered unless an objection thereto is filed within 7 days of the entry of this Order.

## Conclusion

Plaintiff's Motion for Summary Judgment [17] seeking a declaration of the validity of its foreclosure proceedings on Count I is **DENIED**. Plaintiff's Count III, Defendant Intown's crossclaim and counterclaim, and Defendant Smith's counterclaims are **DISMISSED, without prejudice**. Defendant Smith's Motion to File Supplemental Brief [25] is **DENIED, as moot**. An Order directing that the funds in the registry of the Court be paid to Defendant Intown will be entered unless an objection thereto is filed within 7 days of the entry of this Order, and the Clerk will be directed to close the case.

**SO ORDERED**, this __30th__ day of September, 2014.

_/s/ Richard W. Story_
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)